UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY MOLICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SYNCHRONY BANK,<br><br>　　　　Defendant. | Case No. 21-cv-01549-JST<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT AND DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT AS MOOT**<br><br>Re: ECF No. 11, 18 |

Before the Court is Defendant Synchrony Bank's ("Synchrony") motion to dismiss Plaintiff Cody Molica's first amended complaint ("FAC"), ECF No. 11, and Synchrony's motion to strike or in the alternative dismiss Molica's second amended complaint ("SAC"), ECF No. 18. The Court will deny Synchrony's motion to strike the SAC, deny its motion to dismiss the FAC as moot, and grant its motion to dismiss the SAC.

**I.     BACKGROUND**

Molica brings this action in response to Synchrony's "refus[al] to refrain from . . . further communication in the form of collection calls and letters seeking to collect a debt" after Molica sent "a letter demanding that they cease further communication with him until he gave further written notice." ECF No. 16, SAC ¶¶ 3-4. Molica brings three causes of action against Synchrony for their allegedly unlawful debt collection calls: (1) violation of the California Rosenthal Act, Cal. Civ. Code §§ 1788 *et seq.*, (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), and (3) violation of California's Unfair Competition Law ("UCL"). *Id.* ¶¶ 6-8.

Molica initiated the instant action in the County of Sonoma Superior Court on January 28, 2021. ECF No. 1-1 at 3-5. On March 4, 2021, Synchrony removed the action to this Court under 28 U.S.C. § 1446(b). ECF No. 1. Synchrony filed a motion to dismiss Molica's complaint, which

1    was rendered moot by Molica filing the first amended complaint on March 18, 2021.  *See* ECF

2    Nos. 8, 10, 14.  Synchrony filed the instant motion to dismiss Molica's first amended complaint on

3    March 29, 2021.  ECF No. 11.  Molica filed an opposition, ECF No. 15, as well as a second

4    amended complaint, ECF No. 16.  Synchrony replied to its motion to dismiss, ECF No. 17, and

5    filed a motion to strike or in the alternative dismiss the SAC, ECF No. 18.  Molica opposed

6    Synchrony's motion to strike or dismiss the SAC, and Synchrony did not reply.  ECF No. 19.

**II.    JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.

**III.    REQUEST FOR JUDICIAL NOTICE**

As a threshold matter, Synchrony requests judicial notice of "the relevant credit card agreement between [Molica] and Synchrony Bank" because the agreement "is incorporated by reference into" Molica's complaint.  *See* ECF Nos. 12, 13.  In ruling on a 12(b)(6) motion to dismiss, the Court "must consider . . . documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).  Documents may be incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)).  The Court treats documents that are incorporated by reference "as though they are part of the complaint itself," assuming the truth of their contents.  *Id*. at 1002-03.  However, defendants may not use incorporation by reference "to insert their own version of events into the complaint" or "dispute facts stated in a well-pleaded complaint." *Id*.  The purpose of the doctrine is to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims," not to resolve factual disputes. *Id.*

Although Molica's credit card agreement likely forms the basis of his claims regarding Synchrony's debt collection efforts, it is not clear that the agreement Synchrony has submitted is Molica's credit card agreement.  *See* ECF No. 12-1 at 4-11.  First, Molica disputes the authenticity of this contract.  ECF No. 15 at 4.  Second, the agreement does not name Molica (or anyone else)

1    as an account holder and appears to include two pages from subsequent notices regarding changes
2    to the account's terms. *See* ECF No. 12-1 at 4-9, 10-11. The Court errs on the side of caution,
3    bearing in mind the Ninth Circuit's admonition that "[t]he overuse and improper application of
4    judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful
5    results," and that these procedures should not be "exploit[ed] . . . improperly to defeat what would
6    otherwise constitute adequately stated claims at the pleading stage." *Khoja*, 899 F.3d at 998.
7    Synchrony's request for judicial notice is therefore denied.

## IV.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citation omitted). A complaint need not contain detailed factual allegations, but facts pleaded by a plaintiff "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quotation marks and citation omitted).

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a motion to strike pursuant to Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted).

## V. DISCUSSION

### A. Motion to Strike the SAC

The Court first considers Synchrony's motion to strike the SAC. Although "[o]n occasion, a party's failure to comply with the requirements of Rule 15(a) will prompt courts to strike amended pleadings . . . . many courts have accepted untimely amended pleadings, even when the relevant party did not first obtain judicial permission or the consent of the opposing party." *Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 517 (N.D. Cal. 2004) (citations omitted). "This is often true when 'leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change.'" *Id.* Under Federal Rule of Civil Procedure 15(a)(2), a "court should freely give leave [to amend] when justice so requires." This rule is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Court also notes that "motions to strike are disfavored at the pleading stage." *Rosen v. Uber Tech., Inc.*, 164 F. Supp. 3d 1165, 1179 (N.D. Cal. 2016).

Molica explains that he amended the FAC to remove the allegation that "Synchrony Bank . . . acquired plaintiff's credit card debt from their subsidiary Synchrony Financial Services," FAC ¶ 4, because he "has no factual basis of the relationship between the credit card debt issuer, Synchrony Financial," and Synchrony Bank, ECF No. 15 at 3. Synchrony argues that it is prejudiced by having "to respond to multiple complaints while Plaintiff asserts new and different allegations as it suits him." ECF No. 18 at 8. However, when granting a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court "should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts," *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations omitted), and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted). Bearing these principles in mind, the Court would have granted Molica leave to amend the FAC. Synchrony therefore was not prejudiced by having to respond to the SAC and the motion to strike is denied. As the SAC is the operative complaint, Synchrony's motion to dismiss the FAC, ECF

4

No. 11, is denied as moot.

### B. Motion to Dismiss the SAC

Synchrony argues that the SAC should be dismissed because Molica fails to allege that Synchrony is a "debt collector" under the FDCPA. ECF No. 18 at 8-9. Molica responds that "[a]ny defects relating to plaintiff's omission that the defendant was collecting the debts owed or due another may be cured by granting amendment," and that the "issue[]" of "the ambiguity of the defendant's corporate identity and various other companies that share similar names . . . should bear [itself] out through discovery." ECF No. 19 at 2.

The FDCPA defines "debt collector" as "anyone who 'regularly collects or attempts to collect . . . debts owed or due . . . another." *Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718, 1721 (2017) (quoting 15 U.S.C. § 1692a(6)). "[T]hose who seek only to collect for themselves loans they originated generally do not" "qualify as 'debt collectors.'" *Id.* In addition, "a debt *purchaser* . . . may . . . collect debts for its own account without triggering the statutory definition" of "debt collector." *Id.* at 1721-22 (emphasis added). Molica agrees that "this case is controlled by the question of whether defendant was acting in the capacity of a debt collector when they made the collection calls to plaintiff after receipt of the cease-and-desist letter." ECF No. 15 at 2. Molica also seems to concede that "when a debt is collected by a subsidiary the party cannot be a debt collector under the FDCPA." ECF No. 15 at 3.

Molica fails to state a claim under the FDCPA because the SAC does not include any allegation that Synchrony regularly collects or attempts to collect debts owed or due another. *See* ECF No. 16. In addition, "when evaluating an amended complaint, the court may also consider the prior allegations as part of its 'context-specific' inquiry based on its judicial experience and common sense to assess whether an amended complaint plausibly suggests an entitlement to relief." *Hardin v. Mendocino Coast Dist. Hosp.*, No. 17-CV-05554-JST, 2018 WL 2984834, at *5 (N.D. Cal. June 14, 2018) (quoting *McKenna v. WhisperText*, No. 5:14-CV-00424-PSG, 2015 WL 5264750, at *3 (N. D. Cal. Sept. 9, 2015)); *see also Stanislaus Food Products Co. v. USS-POSCO Indus.*, 782 F. Supp. 2d 1059, 1076 (E.D. Cal. 2011) (recognizing that a plaintiff "may alter the challenged conduct in an amended complaint," but a court may then demand more factual support

in light of prior allegations). In the FAC, Molica alleged that Synchrony "acquired plaintiff's credit card debt from their subsidiary Synchrony Financial Services." FAC ¶ 4. Molica walks back this allegation in his opposition to Synchrony's motion to dismiss the FAC and leaves any discussion of Synchrony's relationship with Synchrony Financial out of the SAC. *See* ECF No. 15 at 3 ("Plaintiff has no factual basis of the relationship between the credit card debt issuer, Synchrony Financial and the actor alleged in the complaint, Synchrony Bank."); *see* ECF No. 16. He explains that he "assum[ed] [Syncrony and Synchrony Financial] were related" based on Synchrony's corporate disclosure statement, ECF No. 2, but does not explain why he no longer believes the entities are affiliated, ECF No. 15 at 4-5; ECF No. 19.

Out of an abundance of caution, the Court grants Molica leave to amend his complaint one more time in case he can allege – with adequate factual support – that Synchrony is a debt collector under the FDCPA.

The Court does not reach Synchrony's arguments regarding Molica's UCL claim because a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice." *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims"). The Court will only consider arguments regarding Molica's state-law claims if Molica is able to plead a cause of action under the FDCPA.

## CONCLUSION

Synchrony's motion to strike the SAC is DENIED, its motion to dismiss the FAC is DENIED AS MOOT, and its motion to dismiss the SAC is GRANTED. Any amended complaint must be filed within 30 days of the date of this order.

The Court encourages Molica to seek free legal assistance from the Northern District's

1   Legal Help Center as he proceeds with this litigation.  The Legal Help Center can be reached by

2   calling (415) 782-8982 or by emailing fedpro@sfbar.org.  Molica may also wish to consult the

3   resources for pro se litigants on the Court's website, https://cand.uscourts.gov/pro-se-litigants/,

4   including the manual, "Representing Yourself in Federal Court: A Handbook for Pro Se

5   Litigants," which can be downloaded at https://cand.uscourts.gov/pro_se_handbook_2020_links/

6   or obtained free of charge at the Clerk's office drop box on the first floor of the Oakland

7   Courthouse (located at 1301 Clay Street), or by contacting the Legal Help Center.

8   **IT IS SO ORDERED.**

9   Dated:  September 14, 2021



JON S. TIGAR
United States District Judge